United States District Court
Southern District of Texas

**ENTERED**

May 20, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON BURNETT, | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-04732 |
| | § | |
| PENSKE LOGISTICS, | § | |
| *Defendant*. | § | |

## JUDGE PALERMO'S ORDER & REPORT AND RECOMMENDATION

This is an employment retaliation case. Pending before the Court are Defendant Penske Logistics' Motion for Summary Judgment, ECF No. 40, and *pro se* Plaintiff Cameron Burnett's Motion to Compel, ECF No. 45.[1] Having considered the briefing,[2] evidence, and applicable law, the Court finds Plaintiff's motion to compel should be denied and Defendant's motion for summary judgment should be granted.

## I.    BACKGROUND

These are the undisputed facts. Plaintiff began his employment with Defendant as a Driver/Helper in August 2021. ECF No. 41 at 2. He was responsible

---

[1] The district judge to whom this case is assigned referred the case to this Court pursuant to 28 U.S.C. § 636(b)(1). Order, ECF No. 10.

[2] Plaintiff filed a response to Defendant's motion for summary judgment, ECF No. 42. Defendant filed a reply, ECF No. 43. Plaintiff was given permission to file a sur-reply. ECF Nos. 47, 49. Defendant filed a response to Plaintiff's motion to compel, ECF No. 48, and Plaintiff filed a reply, ECF No. 51.

for loading inventory onto the truck then unloading inventory at the delivery site. *Id.* On March 3, 2024, Plaintiff submitted a written complaint about an incident at a delivery site. ECF Nos. 40-1 at 23 (106:9–19); 40-3 at 2; 42 at 8. He complained of racial discrimination when the store manager became upset that the barista gave Plaintiff a free drink while he was unloading the truck. ECF Nos. 40-1 at 23 (106:9–19); 40-3 at 2; 42 at 8. Two weeks later, he submitted two additional complaints. The first concerned scheduling, and the second addressed workplace gossip. ECF Nos. 40-3 at 3–4; 42 at 10–11. Then, on July 5, 2024, Plaintiff submitted a fourth complaint, stating that he was "in fear for [his] life" and that the workplace environment had become hostile. ECF Nos. 40-6 at 1; 42 at 12. This fourth complaint involved a co-worker, Kartina Ware, the mother of Plaintiff's former girlfriend who is the mother of his child. *See* ECF No. 40-7 at 2.

Upon receipt of this fourth complaint, Defendant began an investigation. ECF No. 40-4 ¶ 7. Both Plaintiff and Ware were suspended pending the outcome of the investigation. *Id.* During the investigation, Defendant discovered that Plaintiff had been arrested twice in 2024, which he failed to disclose to Defendant. *Id.* ¶ 8; *see also* ECF No. 40-1 (15:23–16:10). Plaintiff's failure to report his arrests was in violation of Defendant's policy requiring employees "arrested or charged with a felony or any crime that relates to theft, threat, violence, sexual misconduct or drug- or alcohol-related crimes" to "notify Human Resources" within three business days

of the arrest. ECF No. 40-5 at 2. When Defendant asked Plaintiff whether he had previously been arrested, he twice said he had not. ECF No. 40-1 at 30–32 (151:4–13, 152:2–153:4). Defendant fired Plaintiff for violating the arrest policy and cited "integrity concerns." ECF No. 40-7 at 7; *see also* ECF No. 40-8 at 1.

Plaintiff sued for retaliation. Compl., ECF No. 1. Subsequently, he amended his complaint, providing additional factual background. Am. Compl., ECF No. 22. Defendant moves for summary judgment on Plaintiff's retaliation claim, arguing that Plaintiff cannot make a *prima facie* showing of retaliation because he cannot demonstrate that his complaints were in opposition to an unlawful employment practice in violation of Title VII of the Civil Rights Act. Even if he can, Defendant argues, Plaintiff cannot demonstrate that Defendant's legitimate, non-discriminatory reason for firing him is pretextual. ECF Nos. 40–41.

## II.    SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Ballentine v. Broxton Grievance Dep't Vicki Cundiff*, 155 F.4th 462, 467 (5th Cir. 2025) (quoting FED. R. CIV. P. 56(a)). "A dispute as to a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). "A fact is 'material' if its resolution

in favor of one party might affect the outcome of the lawsuit under governing law." *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990 (5th Cir. 2022) (internal quotation marks omitted).

In seeking summary judgment, the "moving party 'always bears the initial responsibility of informing the district court of the basis for its motion' and pointing to record evidence demonstrating that there is no genuine dispute of material fact." *Sweat v. Hou. Methodist Hosp.*, No. CV H-24-775, 2025 WL 2697111, at *3 (S.D. Tex. Sept. 22, 2025) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When the non-movant bears the burden of proof at trial, the movant "may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (internal quotation marks omitted); *see also Celotex*, 477 U.S. at 325.

If the movant fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *See id.* (quoting *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020). The non-movant "must 'go beyond the pleadings and by [their] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Fiesta Mart, LLC v. Willis of Ill., Inc.*, 728 F. Supp. 3d 458, 465 (S.D. Tex. 2024) (quoting *Nola Spice Designs, L.L.C. v. Haydel*

*Enterprises, Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The non-movant must identify specific evidence in the record and precisely articulate how that evidence supports its claim. *Diamond Servs. Corp. v. RLB Contracting, Inc.*, 113 F.4th 430, 444 (5th Cir. 2024) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). This burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Fiesta Mart, LLC*, 728 F. Supp. 3d at 465 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). A party who fails to adequately brief their argument is deemed to have waived that argument. *Wiseman v. Schlumberger Tech. Corp.*, No. 4:23-CV-56, 2025 WL 2612733, at *6 n.18 (S.D. Tex. Mar. 20, 2025) (citing *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010)). However, the court must draw all reasonable inferences in the light most favorable to the non-moving party. *Sweat*, 2025 WL 2697111, at *3 (quoting *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013)).

### III.    PLAINTIFF'S MOTION TO COMPEL IS UNTIMELY.

On March 31, 2026, Plaintiff filed a motion to compel responses to his interrogatories and requests for production, ECF No. 45. Defendant filed a response, noting that the motion was untimely and providing substantive reasons for why the motion should be denied. ECF No. 48. The deadline to complete discovery was February 15, 2026, six weeks before Plaintiff filed his motion, and the deadline to

file motions was March 16, 2026, two weeks before Plaintiff filed his motion. Order, ECF No. 16.

Plaintiff's motion fails to address timeliness under either deadline. To be timely, a motion to compel discovery must be filed before the discovery cutoff. *Gray v. Experian Info. Sols., Inc.*, No. 1:23-CV-545-RP, 2024 WL 4932539, at *1 (W.D. Tex. July 25, 2024) (collecting cases); *see also Burnett and Sons, Inc. v. Hall Cattle Feeders, LLC*, No. 2:23-CV-00148-Z-BR, 2025 WL 4697175, at *1 (N.D. Tex. June 16, 2025) ("a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline") (quoting *McCollum v. Puckett Mach. Co.*, 628 F. App'x 225, 228 n.4 (5th Cir. 2015)). In fact, courts have denied motions to compel filed on the discovery cutoff deadline as untimely because the court did not have sufficient time to consider the motion and order additional discovery before the cutoff. *Gray*, 2024 WL 4932539, at *1 (denying a motion to compel "because it was filed on the discovery deadline"); *see also Grant v. Amazon.com Servs. LLC*, No. 3:22-CV-0439-S-BH, 2023 WL 3743166 (N.D. Tex. May 31, 2023). Thus, Plaintiff's motion filed six weeks after the discovery cutoff is untimely. *Gray*, 2024 WL 4932539, at *1.

In explanation for the delay, Plaintiff claims he was confused about the deadlines because there were conflicting schedules on the docket sheet, and he relied on information provided through CM/ECF. ECF No. 51 at 1-2. The crux of his

explanation is that he relied on a scheduling order from August 26, 2025, that extended the deadline for discovery. ECF No. 51 at 6. The attached docket sheet, ECF No. 30 (withdrawn), reflects a discovery cut off of May 26, 2026 and motion deadline of June 26, 2026, ECF No. 51 at 5, which would have made his motion timely. He claims to have "acted based on information available at the time and filed the [motion to compel] upon recognizing deficiencies in Defendant's discovery responses." *Id.* at 2. However, as Plaintiff acknowledges, only two days after that entry, the docket sheet states that the August 26 scheduling order was docketed in error and that schedule was removed from CM/ECF. The docket sheet states that the original dates were restored. *Id.* Thus, as of August 28, 2025, the parties were on notice that the original docket control order was the operative scheduling order. Thus, by the time Plaintiff filed his motion on March 31, 2026, he could not reasonably have relied on the August 26 docket control order that had been docketed in error and withdrawn as reflected on the docket sheet for seven months. ECF No. 51 at 1–2. Therefore, the Court finds that his confusion was not understandable or reasonable.

Because Plaintiff's motion is untimely with no justification for the delay, Plaintiff's motion to compel is **DENIED**.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED.

Defendant asserts it is entitled to summary judgment for two reasons. First,

Defendant argues that Plaintiff cannot establish that he engaged in protected activities. ECF No. 41 at 9–12. Second, Defendant asserts that Plaintiff cannot establish that Defendant's reasons for firing him were pretextual. *Id.* at 12–16. The Court will discuss each in turn.

A.    **Defendant Is Entitled To Summary Judgment Because Plaintiff Does Not Raise A Fact Question About Whether He Engaged In Protected Activity.**

Defendant first argues that Plaintiff cannot make a *prima facie* retaliation case because he cannot demonstrate that he engaged in protected activity. ECF No. 41 at 9–12. In response, Plaintiff asserts that he "submitted multiple internal complaints regarding workplace conduct he reasonably believed to be discriminatory or unsafe" and argues that whether those complaints are considered protected activity for retaliation purposes is a fact question for a jury. ECF No. 42 at 2. He also claims that the timing of his complaints being "followed shortly by investigation and disciplinary actions" gives rise to an inference of retaliation. *Id.* at 3.

The elements of a retaliation claim require a plaintiff to demonstrate: "(1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal link between the adverse employment action and the protected activity." *Prevost v. City of Houston*, No. 4:23-CV-4115, 2025 WL 1728027, at *6 (S.D. Tex. May 20, 2025) (citing *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012)),

*adopted*, No. 4:23-CV-04115, 2025 WL 1726311 (S.D. Tex. June 20, 2025), *aff'd*, No. 25-20264, 2026 WL 908538 (5th Cir. Apr. 2, 2026). "Protected activity is defined as opposition to any practice rendered unlawful by Title VII [of the Civil Rights Act of 1964], including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII." *Bee v. Tex. Dep't of Fam. & Protective Servs.*, No. 4:22-CV-04394, 2026 WL 865737, at *5 (S.D. Tex. Mar. 30, 2026) (quoting *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003)). Title VII prohibits employer discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). An "adverse employment action" is an action that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Prevost*, 2025 WL 1728027, at *6 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). The plaintiff must demonstrate "that the adverse employment action would not have been taken 'but-for' the retaliation." *Id.* (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013)).

Defendant claims that Plaintiff did not engage in protected activity. ECF No. 41 at 9–12. Plaintiff responds that "[o]pposing conduct reasonably believed to be unlawful discrimination or harassment constitutes protected activity." ECF No. 42 at 2. Both Defendant and Plaintiff provide copies of Plaintiff's four complaints. *See* ECF Nos. 40-3 at 2–5; 42 at 8, 10–12.

Of the four complaints, only the first one raises racial discrimination. ECF No. 40-3 at 2; *see also* ECF No. 42 at 8. Plaintiff complains that he was discriminated against when he made a delivery to one of Defendant's customers. The manager was upset that the barista in the store gave Plaintiff a drink when he unloaded the truck. ECF No. 40-1 at 23 (106:9-24). Plaintiff claimed the reason the manager was upset was because of Plaintiff's race, though he does not specify his race. ECF No. 40-3 at 2; *see also* ECF No. 42 at 8. "'The purpose of Title VII is to protect employees from their employers' unlawful actions.' As such, only those 'in employment relationships with the defendant' may bring such claims.'" *Brown v. City of Anna City Hall*, No. 23-40214, 2023 WL 8253748, \*1–2 (5th Cir. Nov. 29, 2023) (quoting *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 178 (2011); *Simmons v. UBS Fin. Servs., Inc.*, 972 F.3d 664, 669 (5th Cir. 2020)). Therefore, Plaintiff's first complaint is not protected activity because a third party committed the discriminatory actions he complains of, not his employer. Thus, Plaintiff's first complaint does not demonstrate that he engaged in protected activity, as required to make a *prima facie* retaliation claim.

The remaining three complaints make no reference to any of the protected categories under Title VII and instead focus entirely on personal grievances Plaintiff had with other employees. *See* ECF Nos. 40-3 at 3–5; 42 at 10–12. In his second complaint, Plaintiff complains of "gossip and slander about [his] personal life"

between Ware—a team lead—and his supervisor, with that same supervisor being described as "very aggressive, unprofessional and deep into [Plaintiff's] personal life." ECF No. 40-3 at 3. In his third complaint, he complains of Ware showing Plaintiff's financial information to her daughter and other employees, as well as stating again that his supervisor "is very aggressive and petty." *Id.* at 4. Perhaps most concerning, his fourth complaint charges that Ware's ex-husband contacted Plaintiff threatening that "he was sent to kill [Plaintiff,]" causing Plaintiff to be "in fear for [his] life." *Id.* at 5. Nothing in the last three complaints suggests Plaintiff was opposing employer discrimination based on race, color, religion, sex, or national origin. *See* ECF Nos. 40-3 at 3–5; 42 at 10–12. These complaints are about workplace disputes beyond the scope of Title VII. As the Fifth Circuit has previously announced, "Title VII of the Civil Rights Act of 1964 does not create a 'general civility code' for the workplace.'" *Robinson v. Hometowne on Bellfort*, No. CV H-25-372, 2025 WL 2675957, at *1 (S.D. Tex. Sept. 12, 2025) (quoting *West v. City of Houston, Texas*, 960 F.3d 736, 743 (5th Cir. 2020)).

Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

**B.    Defendant Is Entitled To Summary Judgment Because Plaintiff Has Not Raised A Fact Question Showing Pretext.**

In the alternative, Defendant argues that, even if Plaintiff did engage in protected activity, Defendant's decision to suspend and ultimately terminate Plaintiff's employment was motivated by a legitimate, non-discriminatory reasons

that Plaintiff cannot show as pretextual. ECF No. 41 at 12–16. Its proffered reasons for firing Plaintiff are two-fold: Plaintiff failed to properly disclose two arrests to Human Resources in contravention to company policy, and Plaintiff lied about the arrests during the investigation into his fourth complaint. *Id.* at 12–13. In response, Plaintiff argues that he informed his supervisor and management was aware of the arrests, and that he further acted under advice of counsel in not disclosing the details of those arrests to his employer. ECF No. 42 at 3.

If a plaintiff establishes a *prima facie* retaliation case, the burden of production shifts to the defendant to provide a legitimate, nondiscriminatory reason for its action. *Green v. HCTec Partners, L.L.C.*, No. 24-20554, 2026 WL 839112, at *2 (5th Cir. Mar. 26, 2026) (quoting *Watkins v. Tregre*, 997 F.3d 275, 281 (5th Cir. 2021)). "A violation of company policy is typically a legitimate, nondiscriminatory reason for firing the offending employee." *Ware v. AutoZoners, L.L.C.*, No. 22-20422, 2023 WL 2521872, at *1 (5th Cir. Mar. 14, 2023) (citing *Kitchen v. BASF*, 952 F.3d 247, 253 (5th Cir. 2020)).

If the defendant provides that reason, then the burden shifts back to the plaintiff who "must then produce substantial evidence" demonstrating that the defendant's "reason is a pretext for discrimination." *Id.* (internal citations omitted). At the summary judgment stage, "the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding

pretext." *Id.* (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2017)). Plaintiffs can "establish pretext through evidence of disparate treatment or, in some instances, by showing the defendant's proffered explanation is false or unworthy of credence," including in retaliation claims. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000); *January v. City of Huntsville*, 74 F.4th 646, 653 (5th Cir. 2023)).

In the summary judgment context, courts consider "numerous factors, including the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Id.* (quoting *January*, 74 F.4th at 654). Another relevant consideration "is the proximity of time between the protected activity and the termination," because if there is both suspicious timing and other significant evidence of pretext, that can be sufficient to survive summary judgment. *Id.* (quoting *January*, 74 F.4th at 655).

Defendant has offered two legitimate, non-discriminatory reasons for firing Plaintiff: he was arrested and failed to notify Human Resources as company policy required, and when he was asked about it, he lied. ECF No. 41 at 12–13. As for suspending Plaintiff, Defendant explains that the decision was made based on the nature of the allegations Plaintiff and Ware made. ECF No. 41 at 6; *see also* ECF No. 40-4 ¶ 7. Defendant's evidence of Ware's allegations shows that Plaintiff

allegedly threatened to kill her at work. *See* ECF No. 40-7 (Ware's statement alleging that Plaintiff had "been making threats stating to [Ware's] daughter that he was going to kill [Ware] at the job"). Defendant's "Associate Behavior and Work Rules Policy" provides a list of prohibited behaviors that "may result in disciplinary action" without any guarantee of "progressive discipline." ECF No. 40-5 at 3–4. Included in the list of prohibited behaviors is "threatening, intimidating, fighting with, or assaulting another associate, customer or individual in the workplace." *Id.* at 3. These violations of company policy are sufficient to demonstrate that Defendant had legitimate, non-discriminatory reasons for suspending and ultimately terminating Plaintiff's employment. *Ware*, 2023 WL 2521872, at *1.

Because Defendant has met its burden of production, the burden shifts back to Plaintiff to demonstrate that these reasons are pretextual. Plaintiff responds that he informed his supervisor about the arrest, and that he disputes having been "terminated for allegedly lying about his arrest." ECF No. 42 at 3. He further contends that the "[a]rrest was minor, unrelated to job performance, and resolved through diversion," and that there is "[e]xcessive focus on the arrest as a termination justification" which demonstrates pretext. *Id.* at 4.

Even if informing his supervisor of the arrest could be considered sufficient

under Defendant's policy,[3] he does not deny that Ware claimed he made a threat to her life while she was at work or that he lied about the arrests during the investigation.[4] Plaintiff has not produced evidence tending to demonstrate either reason as pretextual, as is required at this stage. *See Green*, 2026 WL 839112, at *2 (noting that once a defendant articulates a legitimate, non-discriminatory reason for its action, "the plaintiff 'must then produce substantial evidence'" indicating the reason is pretextual). The proximity of time between the complaints—even assuming they are protected activity—and the termination is not sufficient to survive summary judgment because there is no other evidence of pretext—let alone significant evidence. *Ware*, 2023 WL 2521872, at *1. Plaintiff has not raised a fact question that Defendant's legitimate, non-discriminatory reasons for suspending and ultimately terminating his employment were pretextual. *See id.*

Defendant is entitled to summary judgment because Plaintiff cannot establish pre-text.

## V.   CONCLUSION

Because Defendant has demonstrated it is entitled to summary judgment on

---

[3] The Policy requires employees "who are arrested or charged with a felony or any crime that relates to theft, threat, violence, sexual misconduct or drug- or alcohol-related crimes are required to notify Human Resources within three (3) business days of the arrest." ECF No. 40-5 at 2.

[4] Plaintiff was arrested on two misdemeanor charges, one for driving while intoxicated and with an open container, and one for unlicensed carrying of a gun. ECF No. 40-7 at 7. While the second charge may not fit within the type of arrests enumerated in Defendant's policy, the first one is an "alcohol-related crime" such that the policy was applicable.

Plaintiff's retaliation claim, the Court **RECOMMENDS GRANTING** Defendant's motion for summary judgment, ECF No. 40.

It is further **ORDERED** that Plaintiff's motion to compel, ECF No. 45, is **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, **863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on May 20, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**